46 F.3d 1123
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dana Ray EDMONDS, Petitioner--Appellant,
v.
John JABE, Warden, Greensville Correctional Center,
Respondent--Appellee.
 No. 95-4002.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 23, 1995.
Decided: Jan. 23, 1995.
 
 Donald R. Lee, Jr., Barbara L. Hartung, VIRGINIA CAPITAL REPRESEN TATION RESOURCE CENTER, Richmond, VA; Barry A. Weinstein, Richmond, VA, for Appellant. Thomas D. Bagwell, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, VA, for Appellee.
 Before ERVIN, Chief Judge, and HALL and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dana Ray Edmonds is scheduled to be executed in Virginia tomorrow evening for the murder of Danville grocer John Elliott. Edmonds appeals an order of the district court denying his motion for stay of execution and dismissing his second federal habeas corpus petition. We affirm.
 
 I.
 
 2
 Edmonds' sole claim is that he was denied his Sixth Amendment right to effective assistance of counsel because of a conflict of interest on the part of his court-appointed attorney. During the pendency of his trial, Edmonds' attorney accepted another appointment to represent Laverne Coles--Edmonds' former girlfriend and a prosecution witness--in an unrelated criminal proceeding. This claim was contained in a habeas petition filed with the Supreme Court of Virginia on January 11, 1995. That court dismissed the petition on January 18, stating only that
 
 
 3
 On consideration of this case, the Court is of opinion that the writ of habeas corpus should not issue on grounds that no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition. Code Sec. 8.01-654(B)(2).[1]
 
 
 4
 Edmonds filed the instant petition in the district court the following day. The district court held that the Supreme Court of Virginia's bare denial of Edmonds' most recent state habeas petition, without citation to any facts it had found that would support its evident holding that Edmonds' claim was procedurally barred, did not effectively bar the federal courts from considering the merits of the claim if Edmonds could demonstrate cause for the default and prejudice attributable thereto.[2] We will assume, without deciding, that the district court ruled correctly on this narrow issue.
 
 II.
 A.
 
 5
 The district court ruled that Edmonds had shown sufficient cause why this latest claim had not been brought at the time his first petition was filed. We disagree. A psychiatric report prepared during the presentencing phase of Edmonds' trial noted that
 
 
 6
 [Edmonds] indicated that at present, Ms. Cole [sic] is in the Danville City Jail for "beating her kids." [Edmonds] stated that she had beaten three of her four children. [Edmonds' attorney], who is also Ms. Cole's attorney, corrected the story indicating that the altercation occurred only with her oldest boy ...." (emphasis supplied).
 
 
 7
 Edmonds has offered no reason why we should not hold him and his counsel responsible for information stated plainly in the record, and we can think of none. If Edmonds' present attorneys were capable of reading and understanding the record, then we believe that his counsel at the time he filed his first habeas petition should also have been.
 
 B.
 
 8
 We do, however, agree with the district court that Edmonds has not demonstrated that his trial counsel's alleged ineffectiveness prejudiced him. We entirely agree with the lower court's conclu sion that, even had Edmonds been appointed new counsel, he still would have been found guilty and sentenced to death. Even if substitute counsel had impeached Coles more thoroughly, and that impeachment had somehow prevented the sentencing court from finding that Edmonds posed a future danger to society, the court would still have sentenced Edmonds to death based on the vileness of Edmonds' actions.[3]
 
 
 9
 As Edmonds has demonstrated neither cause for bringing this claim at the eleventh hour nor prejudice from our refusal to consider its merits, when he is plainly required to demonstrate both, the claim is procedurally barred and Edmonds is entitled to no relief.
 
 
 10
 The judgment of the district court is affirmed.
 
 AFFIRMED.[4]
 
 
 [1]
 Section 8.01-654(B)(2), the Commonwealth's procedural default statute, provides that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."
 
 
 [2]
 See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (absent cause and prejudice, or a fundamental miscarriage of justice, an adequate and independent finding of procedural default will bar federal habeas review). A habeas petitioner must ordinarily "establish by convincing evidence that the factual determination by the State court was erroneous." 28 U.S.C.A. Sec. 2254(d) (1994)
 
 
 [3]
 We also concur in the district court's holding that a mis carriage of justice will not result from our refusal to consider the merits of Edmonds' claim. The same factors that preclude Edmonds from demonstrating prejudice operate to also prevent him from showing by clear and convincing evidence that he is "actually innocent" of the death penalty. See Sawyer v. Whitley, 112 S.Ct. 2514, 2523 (1992). We do not believe that the Supreme Court's decision rendered today in Schlup v. Delo, No. 93-7901, 1995 U.S. LEXIS 701 (Jan. 23, 1995), should cause us to reach a different result. Even applying the more lenient Murray v. Carrier standard, Schlup, at * 30-32, the petitioner would not be entitled to relief
 
 
 [4]
 Edmonds' application for stay of execution is hereby denied